## ALICE K. AYERS vs. WM. MAHUKA.

EXCEPTIONS.

HEARING, NOVEMBER 23, 1892.  DECISION, MARCH 4, 1893.

JUDD, C.J., BICKERTON AND DOLE, JJ.  (By written agreement
of parties and counsel, Mr. Dole joins in this decision,
though he had resigned as a Justice of the
Supreme Court after argument
and before decision.)

A request was made by defendant to be released from his engagement to
marry, and to have his engagement ring returned to him ; the reply by
the mother of the plaintiff was that the ring should thereafter be re-
turned, but the ring was not returned, and the plaintiff declined to
release defendant from his engagement.

Held, these facts do not establish a release.

OPINION OF THE COURT, BY BICKERTON, J.

This case was tried before Chief Justice Judd, with a jury, at
the October Term, 1892, and the jury rendered a verdict for the
defendant, to which verdict the plaintiff excepted and gave
notice of a motion for a new trial on the grounds that the ver-
dict was contrary to the law and the evidence.   The said motion
was heard on the 29th of October and overruled, and the plain-
tiff excepted.   The matter now comes here on a bill of ex-
ceptions.

From the record of the case, it would appear there were the
following points for the consideration of the jury :   First, was
the defendant of age when the engagement was made ; if he was
not, did he ratify it after he came of age ?   Second, did the
plaintiff release the defendant from the engagement, he having
written to her saying that the engagement was at an end, and
asking that the engagement ring be returned ; and the plaintiff's

mother in reply writing that she (the mother) would return the ring to him herself.

As to the first point, the question of infancy, there seems to be hardly any difficulty, for even if defendant was not of age at the time the engagement was made in the early part of 1890: and the evidence for the defense shows that when he wrote the letters dated November 10, 1891, and January, 1892, he was of age: then there was a recognition and ratification of the contract, and he is bound by it. There having been a legal contract, there can be no doubt but that it was broken by the defendant, for in his letter he says that their engagement is no longer to exist.

Now comes the second question : Was there a release by the plaintiff ? She says in her evidence, "I never consented to break off the engagement." She also wrote him a letter refusing to release him from the engagement. There is nothing in evidence that she herself consented to the engagement being broken off. There is evidence that about the time her mother wrote to defendant saying she would return the ring to him, plaintiff took the ring off her finger and gave it to her mother, but it was never returned to defendant. They went to consult an attorney (Mr. Magoon) about the matter, and to see what satisfaction could be got for the plaintiff from the defendant in consequence of his breach of promise. The ring was left with Mr. Magoon and produced in court by him. If the mother and daughter ever had any idea of returning the ring to defendant and releasing him from his engagement, they never carried out the idea or intention ; on the contrary, they took legal advice, and plaintiff wrote a letter to defendant positively refusing to accede to his request that the engagement be broken off and the ring returned.

On this state of facts, we are unable to see how the jury could find that there was a release. We are therefore of the opinion that the verdict is not sustained by the evidence and is contrary to the law and the evidence, and should be set aside, and a new trial ordered ; and it is so ordered.

*J. A. Magoon*, for plaintiff.

*C. Creighton* and *A. Rosa*, for defendant.